**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38818, 38819, & 38820**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 606** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 27, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSHUA P. ELLIOTT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

In these consolidated cases, we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review an aggregate unified sentence of ten years, with a minimum period of confinement of five years, for three counts of grand theft, as well as the district court's orders denying I.C.R. 35 motions for reduction of sentences. We affirm.

Joshua P. Elliott pled guilty to three counts of grand theft. I.C. §§ 18-2403(1), 18-2407(1)(b). In exchange for his guilty pleas, additional charges were dismissed. Following his guilty pleas, Elliott was sentenced to a unified term of ten years, with a minimum period of confinement of three years; a unified term of ten years, with a minimum period of confinement of four years; and a unified term of ten years, with a minimum period of confinement of five years, for each of the three counts of grand theft. The district court ordered that Elliott's

1

sentences be served concurrently. The district court retained jurisdiction, and Elliott was sent to participate in the rider program.

After Elliott completed evaluation at NICI, the jurisdictional review committee recommended probation. The district court, however, relinquished jurisdiction. Elliott filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Elliott appeals, claiming that the district court erred by refusing to grant probation in light of the recommendation of the jurisdictional review committee. He also argues that his sentences are excessive and constitute an abuse of discretion. and that the district court should have sua sponte reduced Elliott's sentences upon relinquishment of jurisdiction or granted his Rule 35 motions.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Elliott has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Elliott also contends that his sentences are excessive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Elliott asserts that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Elliott's case. The record does not indicate that the district court abused its discretion in this case.

Elliott also argues that the district court should have sua sponte reduced Elliott's sentences upon revocation of probation and erred in denying his Rule 35 motions for reduction of his sentences. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319,

144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). The record does not indicate that the district court abused its discretion in this case.

The orders of the district court relinquishing jurisdiction, Elliott's sentences, and the district court's orders denying Elliott's Rule 35 motions are affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**